UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICKY CLAY JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00152 |
| | § | |
| BOBBY LUMPKIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND
## RECOMMENDATION TO DISMISS CASE

On August 30, 2023, United States Magistrate Judge Jason B. Libby issued his "Memorandum and Recommendation to Dismiss Case" (M&R, D.E. 15). Plaintiff was provided proper notice of, and opportunity to object to, the Magistrate Judge's M&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. Objections were due on September 13, 2023. No objections were timely filed. Instead, objections were internally dated September 14, 2023, mailed in an envelope that does not bear a postmark, and filed on September 27, 2023. The objections are not timely. Nonetheless, the Court finds that they do not have merit.

First, Plaintiff objects because he is a citizen of Texas suing the State of Texas and argues that the Eleventh Amendment only applies to suits brought by citizens of other states or foreign countries. It is well-settled that the Eleventh Amendment applies to suits brought by citizens of the defendant state, even though they are not enumerated in the amendment's language. "This Court's decisions thus establish that "an unconsenting State is immune

from suits brought in federal courts by her own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (quoting *Emps. of Dep't of Pub. Health & Welfare, Mo. v. Dep't of Pub. Health & Welfare, Mo.*, 411 U.S. 279, 280 (1973)). The objection is **OVERRULED**.

Second, Plaintiff objects to the recommended dismissal of his supervisory claims against Defendant Lumpkin on two grounds. He argues without citation of authority or allegation of nonconclusory fact that Defendant Lumpkin was obviously responsible for the operation of the system by which inmate trust funds are kept and administered. This does not address the limitations on vicarious liability posed by § 1983 actions. More specifically, Plaintiff does not complain of a systemic problem, but of a decision by person(s) unknown to transfer his particular funds in payment of his own debt. The M&R aptly explains why this claim fails and Plaintiff has failed to identify any error in that legal analysis. D.E. 15, pp. 11-15.

Plaintiff also argues that his funds were needed for hygiene items, which are not "frivolous." However, as determined by the Magistrate Judge, the term "frivolous" is applied to the lack of strength in his legal argument, not to what he planned to purchase with his funds. The argument is misplaced. The second objection is **OVERRULED**.

Third, Plaintiff objects to the dismissal of his claims regarding the administration of the prison grievance system. He argues without authority that Defendants' failure to comply with the specific procedures involved in the TDCJ grievance policy amounts to a constitutional deprivation because he has not been able to get the return of his debited inmate trust funds. Again, Plaintiff's argument is misplaced. The Magistrate Judge

explained that while Plaintiff is owed due process with respect to the deprivation of property, that process is not necessarily a federal claim under § 1983. Instead, he has an available state law action that affords him the due process he requests. D.E. 15, p. 14. Plaintiff has not presented a federal claim and the objection is **OVERRULED**.

Fourth, Plaintiff objects to the M&R's conclusion that his deprivation of property claim could be addressed in state court. He claims that he would not get relief in state court due to alleged bias and that he needs the impartiality of the federal courts to obtain justice. As the M&R points out, there is no federal claim for lack of due process when due process is made available through state law, enforceable in state court. D.E. 15, p. 14. Plaintiff's concerns regarding bias are improper speculation. Plaintiff has failed to demonstrate any legal error in the M&R's analysis and his objection is therefore insufficient. Fed. R. Civ. P. 72(b)(2); *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003); *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely re-urges arguments contained in the original petition). The objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1):

- Plaintiff's claims for money damages against Bobby Lumpkin, S. Sanchez, and H. M. Pederson in their official capacities are **DISMISSED** without prejudice as barred by the Eleventh Amendment;

- Plaintiff's Fourteenth Amendment due process claim against Bobby Lumpkin in his supervisory capacity, related to the deprivation of a property interest, is **DISMISSED** with prejudice as frivolous and/or for failure to state a claim for relief;

- Plaintiff's Fourteenth Amendment due process claim, related to the deprivation of a property interest, is **DISMISSED** with prejudice as frivolous and/or for failure to state a claim for relief; and

- Plaintiff's claims against Bobby Lumpkin, S. Sanchez and H. M. Pederson, related to Plaintiff's grievances and the grievance process, are **DISMISSED** with prejudice as frivolous and/or for failure to state a claim for relief.

The Court further **ORDERS** that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g), and the Clerk of Court is **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

**ORDERED** on September 28, 2023.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE